**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2026



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA ELENA ESCALANTE
ESCOBAR; JESSALIN ESCALANTE
ESCOBAR,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 21-1010

Agency Nos.
A208-751-545
A208-751-546

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2026[**]

Before: GOULD, RAWLINSON, and VANDYKE, Circuit Judges.

Petitioner Maria Elena Escalante-Escobar ("Petitioner") and her minor child,

natives and citizens of Guatemala, petition for review of the Board of Immigration

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

1.      "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (quoting *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018)). We review the denial of an application for asylum or withholding of removal for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). We also review the denial of CAT relief for substantial evidence. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022). The substantial evidence standard is deferential, allowing reversal only when "any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)).

2.      "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma*, 9 F.4th at 1059 (internal quotation marks and citation omitted). Substantial evidence supports the agency's conclusion that Petitioner did not establish a nexus between a protected ground and the harm she alleged; instead, the agency found that

the evidence supported that the harm was a random act of violence. Petitioner testified that she and her friend were assaulted by a man in a mask who attempted to rape Petitioner. Petitioner explained that she and her friend had walked approximately twenty minutes out of their town to gather water and bathe. She testified that as they were dressing after they bathed, a man in a mask appeared and attempted to rape Petitioner, but Petitioner's friend helped get the man off Petitioner. The man then began to rape Petitioner's friend, but Petitioner was able to fight him off, and the man ran away. Petitioner testified that she did not originally report the incident because she was told by her police officer brother-in-law that her case would not be investigated without details of the assailant. Petitioner also testified that she did not know anything about the assailant, nor did the assailant say anything to either woman during the attack.

Because this evidence does not support that the assailant's attack was motivated by a protected ground or that it would be in the future, the agency did not err in concluding that Petitioner failed to establish a nexus between the harm she alleged and a protected ground, as necessary for asylum relief.[1] *Umana-Escobar v.*

---

[1] Although Petitioner argues on appeal that she is a member of the proposed particular social group ("PSG") "criminal victims that fought back," the BIA did not address the legal cognizability of this PSG because it dismissed Petitioner's claim for a lack of nexus. We similarly decline to address this issue because it is unnecessary to our holding. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on

*Garland*, 69 F.4th 544, 551 (9th Cir. 2023) (as amended) ("A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal.")

3. "[W]ithholding of removal under § 1231(b)(3) … prohibits removal to a country where the noncitizen's 'life or freedom would be threatened' on account of his 'race, religion, nationality, membership in a particular social group, or political opinion.'" *Iraheta-Martinez v. Garland*, 12 F.4th 942, 955 (9th Cir. 2021) (quoting 8 U.S.C. § 1231(b)(3)(A)). Because substantial evidence supports the agency's conclusion that Petitioner did not establish that a protected ground was "a reason" for the harm she suffered or will suffer, and instead was a random act of violence, the agency did not err in denying withholding of removal. *See Umana-Escobar*, 69 F.4th at 551 ("For withholding of removal, an applicant must show only that a protected ground is a reason for future persecution." (internal quotation marks and citation omitted)).

4. To establish protection under CAT, a petitioner must show that "it is more likely than not that he or she would be tortured if removed." *Akosung v. Barr*, 970 F.3d 1095, 1104 (9th Cir. 2020) (quoting 8 C.F.R. § 1208.16(c)(2)). And the

___

issues the decision of which is unnecessary to the results they reach." (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976))).

torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (emphasis omitted) (quoting 8 C.F.R. § 208.18(a)(1)). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) (quoting 8 C.F.R. § 208.18(a)(7)). Again, nothing in the record compels a different conclusion from the one the agency reached. Petitioner's generalized fear of violence is insufficient to warrant protection under CAT. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (holding that generalized evidence of crime was not particularized or sufficient to establish eligibility for CAT protection).

**PETITION DENIED.**[2]

---

[2] The temporary administrative stay of removal is lifted and the motion for stay of removal is denied. *See* Dkt. 2.